Good morning, Your Honors. May it please the Court. My name is Steve Wysocki, appearing for the appellant this morning. I'd like to reserve five minutes as a way of rebuttal. Please watch the clock. Your Honors, this case involves the interpretation of several documents together and the ultimate action by FCA of cancelling lifetime powertrain warranty. There are a couple of primary citations to the record which are critical here. The first being that the service contract that is at issue here told the owners repeatedly and in bold print to maintain their vehicles as prescribed in the requisite owner manual. The owner manuals themselves did not contain any type of mandatory inspection provision that FCA then ultimately used to cancel these contracts and the lifetime powertrain warranty. The chart from the owner's manual itself under the five-year time period for which FCA relied on is entirely silent on any type of powertrain inspection that would be needed. The owner's manual told the owners again, follow the instructions in the owner's manual. The only five-year requirement listed in that owner's manual was a maintenance item to change the automatic transmission fluid or transfer case fluid if using your vehicle for police, taxi, fleet, off-road or frequent trailer towing. Of course, the powertrain warranty itself says that it was a requirement to maintain the powertrain warranty is to have these inspections and they give this helpful pages of filling in your date and time and etc. of when you had your inspection. So why should we ignore that? Because it's buried in that print, Your Honor, and it specifically refers to the owner's manual. That is just not the common practice of how anybody who goes about a vehicle performs requirements. They look at the charts in the owner's manual, which is what that refers to. So there's certainly an ambiguity in place between that document and the owner's manual. In order for there not to be an ambiguity here, the required inspection would have to be listed under the five-year provision of the five-year chart that is contained within that manual itself. Without that, there is certainly an ambiguity here and under California law, civil code section 1654, ambiguities are construed against the drafters of the contract. So if we think that the requirement to have five-year inspections in order to maintain the powertrain warranty is sufficiently clear and not buried in its regular typeface, what has that affect your argument? Well, then we turn to the unconscionability aspect of it, which is the contract of adhesion, which we sort of touched on, and certainly it's fled throughout the briefs. If the term is clear and it is not unconscionable, then yes, we lose. However, when we look at both procedural and substantive unconscionability, to me, this looks like something that is certainly unconscionable. So this is a free offer. I think the briefing says, well, if I had known that I could get a free inspection, I would have taken advantage of it. So other than that's a warranty that's just issued by the company as opposed to being a contract where your client had obligations and it offers a free inspection, how is that unconscionable? Or is there any support for that position? I think we need to break it down in between the service contract, which is separate, was separately bought and paid for with separate consideration and the free lifetime powertrain warranty that was put forth by Jeep. I think that we need to address those items separately to allow the service contract itself to be retroactively canceled because of an inspection without any type of recourse. And again, the service contract itself refers purely to the owner's name. So to allow that to be canceled based off some other document that isn't even referred to within the service contract, I think is certainly unconscionable. So the opposing counsel points to the eligibility requirement in the service contract and says that the service contract requires maintaining eligibility at all times throughout the life of the service contract. How do you address that argument? Well, it's an issue of eligibility for what? Eligibility for the original factory warranty, eligibility for the lifetime powertrain warranty, or eligibility for the service contract, which has its own separate provision that you can buy within four years or 48,000 miles from the initial purchase of the vehicle. We're right back into another position of ambiguity, which has to be construed against the drafters. And to really go to the heart of that eligibility paragraph, the specific section that talks about in the service contract says for it to be ineligible, and we have this on page 14 of the reply brief, vehicles where the factory warranty has been voided or restricted by the manufacturer. This is not the factory warranty. This is the powertrain warranty. The factory warranty would be the three-year, 36,000-mile warranty. That's not at issue. This is the lifetime powertrain warranty that they're using to then cut off the service contract. So above that language, there's a paragraph that defines eligible vehicles as a vehicle that is covered by both the 336 basic warranty and the lifetime powertrain warranty, and says only those vehicles are eligible. Correct. Eligible, but that's at the time of purchase of the service agreement. How do we know that? Because their argument is that eligibility must be, if I'm understanding them correctly, must be maintained throughout the life of the service contract. That is FCA's position, Your Honor, but that is not what this term says. And again, the fact that reasonable minds can defer over what this says just means that it needs to be construed against FCA, pursuant to California Civil Code Section 1654. This, as it is listed here, is the eligibility to purchase the service contract. It is not the eligibility to maintain that contract going forward. That is how Mr. Hall interpreted it. And so to Mr. Hall, to have his service contract canceled purely because of a lifetime powertrain warranty decision on an inspection requirement that isn't contained in the owner's manual really gets to the heart of the substantive unconscionability argument. In terms of procedural unconscionability, the contract documents themselves make very clear in Section 4.4 that no Chrysler or FCA employee has the ability to alter this, negotiate, or do anything about it. It is a pure contract of a teacher. So with that, we would submit that the unconscionability aspect of it have been met. You know, the other important thing that we need to consider about this is the rule against forfeiture. In California Civil Code Section 1442, it makes very clear that conditions involving forfeiture in contracts must be strictly interpreted against the party for whose benefit it was created. In which case, this is purely FCA, that it must be strictly interpreted against. That was not what the district court did. The district court didn't make any types of those findings relative to the forfeiture or any of them. The district court simply concluded it was a term that was there despite the fact that there were ambiguities present throughout. And as a result, granted the motion, never made any type of finding or applied the Civil Code provisions correctly at all. Again, to reiterate, where there are two possible interpretations of a contract, one that leads to forfeiture and one that avoids it, California law requires the adoption of the interpretation that avoids forfeiture if it is at all possible. Certainly, that could have happened in this case and forfeiture been avoided by just simply recognizing the latent ambiguities that exist in those documents between the owner's manual and the other materials, the powertrain warranty as well as the service contract. Well, why would the language of the owner's manual trump the language in the powertrain warranty? Wouldn't it be the other way around that the language of the warranty is what controls those rights and that the owner's manual deals with issues beyond the of automobiles that don't have a powertrain warrant? Well, Your Honor, because the agreement itself specifically says maintain your vehicle as prescribed in the owner's manual. That's where the charts are that show what maintenance is required, what inspections are required. And again... So you say that that would trump any additional language of any additional requirements that are expressly in the powertrain warranty? I would, Your Honor, because if you refer to the owner's manual and you have other required inspections listed in the charts of the owner's manual, but you omit the five-year inspection that you then use to terminate the service contract and the lifetime powertrain warranty, and you do that because of an ambiguity that exists where it's not listed in the owner's manual. It is instead only listed and spelled out in a term under the warranty contract. That is itself the ambiguity. But why isn't the reasonable interpretation that in order to have for the terms of the powertrain warranty to apply, you must comply with both what's in the owner's manual and what's in the powertrain warranty? Your Honor, respectfully, a reasonable consumer in this particular case who purchases a vehicle looks at charts in the owner's manual that lists out the inspections and the maintenance that is required. To then tell them you need to read every term of the warranty because it has a varied provision in there that allows them to terminate it if it's not inspected within 60 days of the five-year in-service anniversary, when that is not contained in the regular charts as part of the owner's manual, really gets to the heart of whether we can have consumers who are, by and large, for these types of vehicles and going on five years, those who are not getting any type of new car or anything like that, older folks in particular. But is the crux of your argument based on not having seen that language or based on having seen that language in the warranty and reading the same and reading the language in the owner's manual that somehow that that's unconscionable or unreasonable to have that requirement? Ultimately, I think we would prevail under either one of those scenarios. If I read the powertrain warranty and the powertrain warranty told me that I have to do a free inspection to maintain the warranty, in what way am I misled by going to the owner's manual and the owner's manual doesn't repeat that language? Because the powertrain warranty says follow the instructions in the owner's manual. That is very specific in there. And so that means that the only requirements, your argument is the requirements to maintain the warranty are the requirements in the owner's manual, not any requirements in the warranty expressed. Because of the ambiguities that were created in the drafting by Chrysler and now FCS. Okay. Do you want to save the remainder of your time for rebuttal? I would. Thank you. All right. Then we'll hear from the other side. Good morning, Your Honors. May it please the Court. The law requires even for consumers... Can you identify yourself for the record, please? Oh, I apologize, Your Honor. Stephen Dunlop for FCA US LLC. Thank you, Your Honor. The law requires that even for consumers that they read contracts. And here I want to focus on the actual language of the powertrain limited warranty that is at issue. And the language of that warranty starts on page 10 of the warranty booklet. And that's on page 259 of the excerpts of the record here filed by plaintiff. And that section has several subsections that have bigger, subsections. And subsection G in bigger bold font is titled inspections. And under that title, it says, in order to maintain the lifetime powertrain limited warranty, the person or entity covered by this powertrain warranty must have a powertrain inspection performed by an authorized Chrysler, Dodge, or Jeep dealer once every five years. And it goes on to say this inspection will be provided... Okay, I think we've read the warranty. Can we turn to the service contract for a moment? Yes, Your Honor. So there's nothing in the service contract that says, and I'm looking at the cancellation provision down at the bottom of, I think this is ER 303. There's nothing in that section that says, and if you fail to maintain your powertrain warranty by having five-year inspections, then we can cancel this even after planned coverage has been in effect. Now, it has that to, if the vehicle is modified to make it ineligible after planned coverage has been in effect, but it doesn't say anything about the failure to have five-year inspections. So what is the clearest statement in the service contract that failure to have five-year inspections gives FCA the right to cancel the service contract even after it's been in effect? Your Honor, I think the provision you're looking for or looking at is the clearest provision in the service contract where it says we reserve the right to cancel the plan after issuance should it be discovered that the vehicle is ineligible or has been modified, altered to make it ineligible after planned coverage has been in effect. That would be the clearest language in that service contract that for a vehicle that becomes ineligible that the service contract no longer applies. So if I read that as saying the vehicle is ineligible as of the time we issued the service contract, so the service contract should never have been issued, if that's my interpretation of that first clause, does that mean you lose? Well, Your Honor, I would also point to, and I'm trying to find it, there's also a section in here that, and I apologize, that it has to be read in connection. There's a section here, Your Honor, I'll get to a pinpoint site here, that if the factory warranties are voided as well that the vehicle would become ineligible. So we're talking about ER 300? I just want to make sure that we end up on the same page and you're not referring to some other provision. Thank you, yes. I think when you read these together, Your Honor, this tells a consumer, tells the purchaser, your vehicle has to have both a 336 warranty and a lifetime power term limited warranty. And what do we do with the 48 months of the in-service stay and 48,000 miles? So that sounds like you have four years to get the service contract and you have to have this coverage when you seek the service contract within 48 months of the in-service stay and 48,000 miles. So obviously it's not going to be ineligible, it's not subject to cancellation for ineligibility after four years, so it gets the contract at the last possible date. Now I look at the cancellation provision, which says if the vehicle is ineligible and if it's now five years after purchase, you're not saying that the service contract would be canceled, right? Your Honor, and I apologize, I didn't necessarily follow that. Okay, so if the service contract is obtained within the contract period, which is four years, correct? 48,000 miles? Yes, Your Honor, there's three requirements. You have to have the 336, you have to have the lifetime, and you have to start the contract. So now it's five years after the purchase of the vehicle. If it's five years later, can the person purchase a service contract? No, because the vehicle would not be eligible. So it's not eligible, so does that mean it's subject to cancellation because it's no longer eligible? Well, it wouldn't be issued at that point, Your Honor. But it says the vehicle is ineligible, so five years after purchase, the vehicle would be ineligible to get the service contract. Correct. So that means it's subject to cancellation. So in order for the service contract to be issued in the first place, it would have to be within the first 48 months of the vehicle purchase. And you'd have to have the two warranties. You'd have to have the two warranties. And so now it's five years after purchase, and one of the warranties has expired, and so you would be ineligible either because the warranty has been expired or because it's five years later. So once it's issued, if the warranties have been voided, if we look at page 300, vehicles, so important, the following vehicles are not eligible. Vehicles where the factory warranty has been voided or restricted. So if we get into a situation where after it's issued, within the first 48 months, and then the vehicle, a factory warranty is avoided, is voided, or the vehicle becomes ineligible, then that triggers FCA U.S.'s vote to cancel the contract. So reading the language together, the warranty, or the vehicle has to have the 336 warranty, has to have a lifetime. And it has to be within the first four years after purchase. It has to be within the first four years. And so if it's not, then it can be canceled. Well, then it wouldn't be issued. Well, it wouldn't be issued if you didn't have the warranties either, right? So all three of those things have to be in place in order to issue. And so it seems to me, since I can read that is ineligible to me, and was ineligible in the first place, why isn't that true? So the vehicle, when was a service contract purchased in the first four years for this vehicle? Yeah, but then now five years has If the warranties are not kept in place at that point, because it was issued, it was already issued. Well, it's issued. And so when it was issued, the warranties were in place. Now they've lapsed. But also it's beyond the four-year period where you're eligible to enter into the contract. I just don't see how you make that distinction. Oh, I now see, Your Honor, what you're saying. So the cancellation provision says it's ineligible or has become ineligible. And so in that, read in connection with the language where vehicles with a voided warranty are ineligible. So the cancellation provision allows cancellation for vehicles that have become ineligible as well as for other reasons. So it's not a situation where... So do we have to read the this says, or has been modified or altered to make it ineligible after plan coverage has been in effect? Do we have to read the to make it ineligible after plan coverage has been in effect to the first clause? So you have to read the vehicle is ineligible after plan coverage has been in effect. Because that's not really a grammatical reading. Yeah. Or if the vehicle has been modified or altered to make it ineligible. After plan coverage has been in effect. After plan coverage has been in effect. And that read in connection with a description of what vehicles are not eligible. I'm concerned about how ambiguous this is. It's very difficult to interpret what it means. And then we have to deter... If it is ambiguous and we can't determine what it means, then it would have to go back to district court, right? Well, your honor, and I don't believe that the plan language is ambiguous. And I know that I admittedly, I've struggled a little bit understanding where we're going. But if we look at a vehicle, if we look at a vehicle where this plan was actually issued. So this plan was issued at the time that the plaintiff purchased his vehicle here. So it was a vehicle that had a 336 warranty. It was a vehicle that had a lifetime powertrain limited warranty. And it was within the four years. Within the 48 months. Yeah. So it was issued at that point. So it was eligible. The vehicle later became ineligible when the lifetime powertrain limited warranty was voided. And we know that that vehicle is not eligible if we read the language under the importance. But it's not eligible if it's past the four years either, right? It would not be. Yeah, but it's not going to be canceled just because it's not going to be canceled just because it's past the four years. Okay. So if the warranty is voided, then we go to the cancellation provisions. Well, we go up there, it's no longer eligible. And so then we reserve the right to cancel the plan should it be discovered the vehicle is ineligible, which happens when it's voided. So for two of the two of the factors that are eligibility requirements, it can be canceled, but not for the third. Well, if you have to read it all in connection with each other, Your Honor. Can I ask you this, counsel? Focusing on the language that we're talking about on ER 300 in terms of eligibility and how that works with the cancellation provision. Under the facts of this particular case, I take it that your argument is that the cancellation is justified because it was rendered ineligible for failure to maintain the lifetime power train warranty? That is correct, Your Honor. Okay. If we take a different factual scenario and there's no violation of the inspection requirement under the lifetime power train warranty, but it's past the 48 months of the in-service date and 48,000 miles, would there still be cancellation rights? And how do you get there under this language? No, Your Honor. I think you have to read the eligible vehicles as being in terms of eligible for issuance of the warranty. So, the vehicle at the time of the issuance of the warranty would have to have the 336, the power train. And so, if you continue to get your lifetime power train limited warranties, you would still have an eligible vehicle because it hasn't become ineligible simply by the passage of the 48 months. So, am I understanding your position correctly in the eligibility within 48 months of the in-service date and 48,000 miles as being eligibility to purchase the service contract in the first place? Well, that has to be eligible to purchase it and you have to maintain that eligibility in order to keep the contract in place. And so, I think it's also important to read in connection with the vehicles that are not eligible where the vehicles have a voided factory warranty as being vehicles that are not eligible. So, the contract would not be canceled simply because 48 months have passed. The contract, we read, the fair reading we believe in the language of the contract is that it can be canceled if a vehicle does not have a lifetime power train limited warranty inspection, no longer has that triggered by the failure to maintain the inspection requirements under the lifetime power train warranty, not for passing the 48 months. Correct. And that implicates also the important language and the cancellation provision and also the eligible vehicle provision. And I've got very short time. But I think if you look at the district court's analysis on the service contract, we believe that the district court got that right and it's supported by the power train limited warranty inspection done that FCUS is within its rights to cancel the contract. Thank you. Thank you. You have a little time for rebuttal. Thank you, your honor. When we look at the terms that are on page 297 and 300 of the record, what's notable about it is that what is contained on page 300 and 301 doesn't provide any type of basis for determining when a vehicle becomes ineligible. So if we harmonize that and read it consistently, it would have to imply that that provision refers to the initial eligibility provision contained within on page 297 of the record. Certainly the fact that we have been discussing this now and reasonable minds can defer on what this means really puts us back into the ambit of civil code section 1654, that ambiguities are construed against the entity that drafted the contract in this case, Chrysler, now FCA. It also really harkens back to civil code section 1442 and avoiding forfeiture. On that, if there are no further questions, I would submit. All right. We thank both sides for their argument. The case of Donald Hall versus FCA US LLC is submitted and we are adjourned for this session.
judges: IKUTA, NGUYEN, Daniels